**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| CHERYL BALL, *individually and on behalf of the* ESTATE OF JAMES MICHAEL BALL, ) ) ) ) | |
| Plaintiff, ) ) | No. 2:16-cv-00041-DCN |
| vs. ) ) | **ORDER** |
| USAA LIFE INSURANCE COMPANY, ) ) | |
| Defendant. ) ) | |

This matter is before the court on defendant USAA Life Insurance Company's ("USAA") motion for reconsideration of the court's May 16, 2016 order granting in part and denying in part plaintiff Cheryl Ball's ("plaintiff") motion to compel. ECF No. 29. For the reasons set forth below, the court grants USAA's motion.

## I.  BACKGROUND

Plaintiff alleges that her husband, James Michael Ball ("Ball"), served in the Army for 27 years prior to retiring from active duty. Compl. ¶ 4. Ball applied for life insurance with USAA on April 17, 2012 and obtained two life insurance policies on May 20, 2012. Id. ¶ 5. On December 13, 2013, Ball was killed in a hit and run motor vehicle accident, and the cause of death was listed as blunt force injuries to the head after being ejected from a motorcycle. Id. ¶ 6. After Ball's death, plaintiff submitted a claim for life insurance benefits. Id. ¶ 7. Plaintiff alleges that USAA denied her claim on November 24, 2014. Id. The plaintiff filed her complaint on October 27, 2015 in the Court of Common Pleas for Dorchester County, bringing the following

1

causes of action: (1) breach of contract; (2) insurance bad faith; and (3) attorney's fees pursuant to South Carolina Code § 38-59-40. USAA filed a notice of removal on January 7, 2016.

On February 19, 2016, plaintiff filed a motion to compel USAA to submit full and complete responses to various interrogatories and requests for production. ECF No. 10. The instant motion concerns plaintiff's Request for Production 9, which seeks:

> Clear, legible copies of USAA Life Insurance Company's advertising and promotional materials regarding life insurance coverage which were used in the calendar years 2009 through 2014.

ECF No. 10-1 at 3. USAA argued that such materials were irrelevant because they had no bearing on plaintiff's entitlement to life insurance benefits or the reasonableness of USAA's decision to deny those benefits. ECF No. 13 at 5. On May 16, 2016, the court issued an order granting plaintiff's motion to compel with respect to Request for Production 9. ECF No. 24 at 10–11. The court determined that Request for Production 9 was "relevant to the [] bad faith claim and does not appear unduly burdensome." Id. at 11. However, the court limited its holding to advertising and promotional materials used in South Carolina from 2009 until 2012 (the "Marketing Materials"), explaining that because Ball purchased his life insurance policies in 2012, "advertising materials [used] after 2012 have no relevance in this case." Id.

On June 13, 2016, USAA filed the instant motion to reconsider the court's May 16, 2016 order pursuant to Federal Rule of Civil Procedure 54(b). ECF No. 29.

2

Plaintiff filed a response on June 30, 2016.  ECF No. 35.  The motion is now ripe for the court's review.

## II.  STANDARD

Pursuant to Rule 54(b),

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[1]

"While the precise standard governing motions to reconsider an interlocutory order is unclear, the Fourth Circuit has stated that Rule 54(b) motions are 'not subject to the strict standards applicable to motions for reconsideration of a final judgment.'" Regan v. City of Charleston, S.C., 40 F. Supp. 3d 698, 701 (D.S.C. 2014) (quoting Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003)). Nevertheless, "the [c]ourt should grant a Rule 54 motion only under narrow circumstances." In re MI Windows & Doors, Inc. Prod. Liab. Litig., No. 2:12-cv-01258-DCN, 2012 WL 5471862, at *2 (D.S.C. Nov. 9, 2012) (quoting Bailey v. Polk Cty., N.C., 2012 WL 122565, at *2 (W.D.N.C. Jan. 17, 2012)).  Courts in this circuit have looked to the standards governing Rule 59(e) for guidance.  Broadvox-CLEC, LLC v. AT & T Corp., 98 F. Supp. 3d 839, 850 (D. Md. 2015); Regan, 40 F. Supp. 3d at 702.  "Therefore, reconsideration under Rule 54 is appropriate on the following grounds:  (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice."

---

[1] Rule 54(b) also provides an exception to this rule, which empowers a court to enter a final judgment on "one or more, but fewer than all, claims or parties," if the court "expressly determines that there is no just reason for delay."

3

Ashmore v. Williams, No. 8:15-cv-03633, 2017 WL 24255, at *2 (D.S.C. Jan. 3, 2017).

### III.   DISCUSSION

USAA argues that the court should reconsider its May 16, 2016 order to the extent it compelled USAA to produce the Marketing Materials because collection of such materials has proven to be unduly burdensome, and the bulk of such materials are not relevant to plaintiff's claims. Def.'s Mot. 3–6. USAA has identified 5 specific Marketing Materials that were sent directly to plaintiff or Ball, and a significant number of separate Marketing Materials that were sent to other USAA members in South Carolina during the relevant period (the "Third-Party Marketing Materials"). Id. at 1–2. USAA's Marketing Compliance Director, Jennifer Vandeveer ("Vandeveer"),[2] has submitted an affidavit explaining that producing these Third-Party Marketing Materials would require USAA to hire and train employees to access information stored on its "legacy system," and commit approximately 400 hours of labor time to manually collecting such materials. Id. at 4. USAA takes the position that the Third-Party Marketing Materials are not relevant to plaintiff's claims because the materials contained therein were never sent to plaintiff or Ball.[3] Id. at 4–5. Plaintiff argues that the Third-Party Marketing Materials are relevant to show USAA's pattern of initiating contact with prospective applicants. Pl.'s Resp. 1–2.

---

[2] Vandeveer's affidavit has been filed under seal.

[3] USAA also offers an argument that such materials are irrelevant regardless of whether they were sent to plaintiff or Ball. Def.'s Mot. 4–5. Because this argument either was, or should have been, presented in the briefing on plaintiff's motion to compel, it warrants no consideration at this stage. Moreover, USAA does not even ask the court to reconsider its order with respect to the Marketing Materials that were sent directly to plaintiff or Ball.

4

At the outset, the court observes that plaintiff has failed to articulate a precise argument for why the Third-Party Marketing Materials are relevant. It is of course true that such materials would illuminate USAA's "conduct in acquiring new policyholders," id. at 2, but plaintiff never explains how such conduct relates to her claims. The court suspects there are some ways in which the Third-Party Marketing Materials might be relevant. For instance, the Third-Party Marketing Materials may reveal that USAA's allegedly unreasonable conduct was part of a broader pattern, which might indicate that USAA acted willfully, thereby impacting the punitive damages inquiry.[4] See Howard v. State Farm Mut. Auto. Ins. Co., 450 S.E.2d 582, 586 (S.C. 1994) ("Punitive damages may also be recovered if the plaintiff proves the insurer's conduct was willful or in reckless disregard of his or her rights under the contract."). However, the court is not inclined to compel 400 hours worth of discovery simply because it can imagine some ways in which such discovery might be relevant in some cases. "[A] party may not merely assert that requested materials may lead to the discovery of admissible evidence without presenting any intelligible explanation of how that is so." J & J Sports Prods., Inc. v. Wofford, No. 6:13-cv-02403, 2014 WL 2980250, at *2 (D.S.C. June 30, 2014). Plaintiff's failure to provide a cogent explanation of what it expects—or at least hopes—to learn from the Third-Party Marketing Materials leads this court to conclude that plaintiff's request is something of a fishing expedition, which is inappropriate under Rule 26. Mohammed v. Daniels, 2015 WL 4758968, at *2 (E.D.N.C. Aug. 12, 2015).

---

[4] Of course, plaintiff would have to explain how USAA's marketing efforts were part of this pattern, which it has not done.

5

Moreover, the court's May 16, 2016 order clearly took the position that the Marketing Materials were relevant because either plaintiff or Ball might have actually encountered them. If the court had viewed the Marketing Materials as relevant regardless of whether plaintiff or Ball actually saw them, there would have been little reason to restrict plaintiff's Request for Production to materials used in South Carolina before Ball purchased the policies at issue in this case. See ECF No. 24 at 11 ("Although the information sought is relevant, Mr. Ball purchased the life insurance policy in 2012. As such, advertising materials after 2012 have no relevance in this case."). The court's citation to Williamson v. Liberty Mut. Fire Ins. Co., 2015 WL 8489980, at *3 (S.D.W. Va. Dec. 9, 2015), supports the same conclusion. In Williamson, the court found that a defendant-insurer's sales and promotional materials were relevant to show that the insurer "did not act in good faith and violated representations made to [the] [p]laintiffs." Id. (emphasis added). The Williamson court also limited the plaintiffs' discovery request to the years when the plaintiffs renewed their policy, again suggesting that the sales and promotional materials were only relevant to the extent they could have influenced the plaintiffs in that case. Id. There can be little doubt that this court's May 16, 2016 order was based on a similar theory.

In light of these considerations, and USAA's recent discovery that producing the Third-Party Marketing Materials would entail substantial costs,[5] the court

---

[5] The court cautions that, if it were not for USAA's discovery that such a small percentage of the Marketing Materials actually fit within the rationale underlying the court's May 16, 2016 order, the result may well have been different. The court would be far less inclined to grant USAA's motion if USAA's only

concludes that reconsideration is appropriate. The Marketing Materials that actually reached plaintiff and Ball are certainly <u>more</u> relevant than the Third-Party Marketing Materials. While the court does not foreclose the possibility that the Third-Party Marketing Materials might possibly be relevant for some purpose, plaintiff has failed to provide anything more than a conclusory argument as to what that purpose would be. Therefore the court reconsiders its May 16, 2016 order and denies plaintiff's February 19, 2016 motion to compel with respect to the Third-Party Marketing Materials. However, to the extent it is possible for USAA to provide some reasonable indication of the content of the Third-Party Marketing Materials without engaging in the efforts outlined in Vandeveer's affidavit, they must do so.[6]

---

argument was that production of the Marketing Materials would require 400 hours of discovery. Such information could have been presented in USAA's response to plaintiff's original motion to compel.

[6] Plaintiff argues that USAA is "fully capable" of providing such information. However, the court is not convinced that this is so clear—the Vandeveer affidavit does not indicate exactly what information USAA can gather without going through the effort to access the Third-Party Marketing Materials from the "legacy system."

## IV.   CONCLUSION

For the reasons set forth above, the court **RECONSIDERS** its May 16, 2016 order as it relates to plaintiff's Request for Production 9.  On reconsideration, the court **GRANTS** plaintiff's February 19, 2016 motion to compel with respect to those Marketing Materials that were sent directly to plaintiff or Ball.  The court **DENIES** plaintiff's February 19, 2016 motion to compel with respect to the Third-Party Marketing Materials, except that USAA shall provide a reasonable description of the contents of such materials to the extent it can do so without retrieving those materials from the "legacy system."

**AND IT IS SO ORDERED**.

                                                            **DAVID C. NORTON**
                                                            **UNITED STATES DISTRICT JUDGE**

**February 13, 2017**
**Charleston, South Carolina**